THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD WASHINGTON

        Plaintiff,　　　　　　　　　　Case No. 06-12588

vs.

                                      HONORABLE PAUL D. BORMAN
                                      HONORABLE STEVEN D. PEPE

FREDA RANDALL-OWENS, et al.

        Defendants.
                            /

## ORDER REGARDING DKT. #3, DKT. #8 AND DKT. #9

On June 12, 2006, Plaintiff filed his Motion for Appointment of Counsel, And/Or Writ of Habeas Corpus And/Or Use of Telecommunications, in which he seeks court appointed counsel, or in the alternative, to be allowed to participate in all scheduled hearings (Dkt. #3). On October 11, 2006, Plaintiff filed a motion seeking an order directing the U.S. Marshals to serve Defendants with a copy of his amended complaint (Dkt. #8). On October 19, 2006, Plaintiff filed a motion seeking to discover whether service has occurred and seeking service of his amended complaint upon all Defendants (Dkt. #9). All pretrial matters were referred to the undersigned on July 11, 2006, pursuant to 28 U.S.C. § 636 (b)(1)(A).

      1.      A review of the docket reveals that while Plaintiff has received an order directing service without prepayment of costs (Dkt. #4), service has not occurred. Therefore, Plaintiff's October 11, 2006, Motion is GRANTED as it pertains to a request for service. IT IS ORDERED THAT the U.S. Marshals effectuate service and serve Defendants with a copy of Plaintiff's amended

complaint.[1]

2.     Plaintiff seeks to have this Court appoint an attorney to assist him with his case. Under 28 U.S.C. § 1915(e)(1), a federal court may request counsel to represent an indigent plaintiff.  28 U.S.C. § 1915(e)(1); *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992).  Yet, appointment of counsel for an indigent party is a privilege justified only under exceptional circumstances.  *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993).  There is a grave scarcity of attorneys available to represent indigent persons before this Court. There are no funds available to secure attorneys for indigent parties in civil cases, and this Court has great difficulty finding attorneys willing to volunteer time to serve in *pro bono* cases without payment.  Their services must be carefully rationed to the most appropriate cases.

To determine whether exceptional circumstances necessitating the appointment of counsel under *Lavado* are present, courts consider the type of case involved, the ability of the plaintiff to represent himself, the complexity of the factual and legal issues, and whether the plaintiff's claims are frivolous or have an extremely small likelihood of success.  *Id.*; *Reneer*, 975 F.2d at 261; *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985).  Based on several considerations, Plaintiff's claim is DENIED.

Plaintiff's complaint alleges claims of harassment, retaliation, conspiracy, deliberate indifference, deliberate endangerment of his life, and violations of his First, Eight and Fourteenth Amendment rights.  The factual issues raised by Plaintiff are relatively clear and straightforward. Plaintiff has demonstrated in his complaint and subsequent filings that he understands the legal

---

[1] Plaintiff's October 19, 2006, motion seeking to compel service (Dkt. #9) is therefore rendered moot by this order, and is therefore DENIED.

issues and can present these issues to a Court in a satisfactory manner.

     Accordingly, Plaintiff's motion for appointment of counsel is DENIED.  This issue may be revisited after rulings on any dispositive motions.  Plaintiff's request to participate in all scheduled hearings will be handled in the same manner as all civil matters.  At the present time, there are no motions currently pending that require a hearing and therefore there is nothing further for the Court to consider.

SO ORDERED.

Date: December 18, 2006　　　　　　　　　　　s/Steven D. Pepe
Ann Arbor, Michigan　　　　　　　　　　　　　United States Magistrate Judge

CERTIFICATE OF SERVICE

     I hereby certify that on December 18, 2006, I electronically filed the foregoing paper with the Clerk  Court using the ECF system which will send electronic notification to the following: not applicable, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Ronald Washington, #213524, West Shoreline Correctional Facility, 2500 S. Sheridan Dr., Muskegon, MI 49444

　　　　　　　　　　　　　　　　　　　　　　s/ James P. Peltier
　　　　　　　　　　　　　　　　　　　　　　James P. Peltier
　　　　　　　　　　　　　　　　　　　　　　Courtroom Deputy Clerk
　　　　　　　　　　　　　　　　　　　　　　U.S. District Court
　　　　　　　　　　　　　　　　　　　　　　600 Church St.
　　　　　　　　　　　　　　　　　　　　　　Flint, MI 48502
　　　　　　　　　　　　　　　　　　　　　　810-341-7850
　　　　　　　　　　　　　　　　　　　　　　pete_peliter@mied.uscourts.gov