THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD WASHINGTON

        Plaintiff,               Case No. 06-12588

vs.

                                     HONORABLE PAUL D. BORMAN
                                     HONORABLE STEVEN D. PEPE

FREDA RANDALL-OWENS, et al.

        Defendants.
_____/

**ORDER DENYING PLAINTIFF'S EX PARTE MOTION TO REVISIT PLAINTIFF'S REQUEST FOR APPOINTED COUNSEL (DKT. #19)**

On January 17, 2006, Plaintiff filed his Ex Parte Motion To Revisit Plaintiff's Request For Appointed Counsel, in which he requests that the Court vacate its previous order denying Plaintiff appointed counsel (Dkt. #12), or in the alternative, transfer him to the Mound Correctional Facility or Ryan Correctional Facility where he will be better able to secure affidavits and written statements supporting his case (Dkt. #19). All pretrial matters were referred to the undersigned on July 11, 2006, pursuant to 28 U.S.C. § 636 (b)(1)(A). Plaintiff has failed to seek concurrence in his motion pursuant to Local Rule 7.1, thus the motion will be ruled on without the Defendants needing to respond. For the reasons indicated below, it is **ORDERED** that Plaintiff's motion is **DENIED.**

      1.     On December 18, 2006, the undersigned entered an order denying Plaintiff's motion to appoint counsel (Dkt. #12). In that Order, that Court explained that under 28 U.S.C. §

1915(e)(1), a federal court may request counsel to represent an indigent plaintiff. 28 U.S.C. § 1915(e)(1); *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). Yet, appointment of counsel for an indigent party is a privilege justified only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993). There is a grave scarcity of attorneys available to represent indigent persons before this Court. There are no funds available to secure attorneys for indigent parties in civil cases, and this Court has great difficulty finding attorneys willing to volunteer time to serve in *pro bono* cases without payment. Their services must be carefully rationed to the most appropriate cases.

To determine whether exceptional circumstances necessitating the appointment of counsel under *Lavado* are present, courts consider the type of case involved, the ability of the plaintiff to represent himself, the complexity of the factual and legal issues, and whether the plaintiff's claims are frivolous or have an extremely small likelihood of success. *Id.*; *Reneer*, 975 F.2d at 261; *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985).

In this case, Plaintiff's complaint alleges claims of harassment, retaliation, conspiracy, deliberate indifference, deliberate endangerment of his life, and violations of his First, Eight and Fourteenth Amendment rights. As the Court explained in its December 18, 2006, Order, the factual issues raised by Plaintiff are relatively clear and straightforward. Plaintiff has demonstrated in his complaint and subsequent filings that he understands the legal issues and can present these issues to a Court in a satisfactory manner.

In Plaintiff's present motion, Plaintiff states that his mail is being intercepted without his consent, he is having difficulty acquiring ink for his typewriter ribbon, his facility is overcrowded and its law library is inadequate. While such issues may be frustrating, Plaintiff

has failed to demonstrate that exceptional circumstances in his case necessitate the appointment of counsel.  Accordingly, Plaintiff's motion to revisit appointment of counsel is **DENIED**.  In addition, Plaintiff is **barred** from bringing any further motions on this issue until after rulings on any dispositive motions.  Appointment of counsel may be reconsidered at that time.

2. Having denied Plaintiff's request for appointment of counsel, Plaintiff seeks that this Court transfer him to the Mound Correctional Facility or Ryan Correctional Facility where he will be better able to secure affidavits and written statements supporting his case.  Plaintiff has failed to cite any authority that would allow this Court to transfer Plaintiff under these circumstances at this time.  Accordingly, Plaintiff's Motion To Revisit Plaintiff's Request For Appointed Counsel is **DENIED** as it pertains to a request for a transfer.

3. Plaintiff seeks that this Court enter an order preventing Defendants from taking any further retaliatory steps against him for brining this suit.  Plaintiff has failed to seek concurrence in his motion pursuant to Local Rule 7.1.

Without intimating a position on these assertions, Defense counsel is requested to advise his clients that any adverse actions taken against Plaintiff that may be considered to be motivated by his pursuing this litigation may lead to further legal claims being brought against them and may also be admissible on the current claims to show a retaliatory intent.

Accordingly, Plaintiff's request is otherwise **DENIED.**

**SO ORDERED.**

Date: January 31, 2007  s/Steven D. Pepe
Ann Arbor, Michigan  United States Magistrate Judge

3

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on <u>January 31, 2007,</u> I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: <u>Christine M. Campbell</u>, and I hereby certify that I have mailed United States Postal Service the paper to the following non-ECF participants: <u>Ronald Washington, #213524, West Shoreline Correctional Facility, 2500 S. Sheridan Dr., Muskegon, MI 49444</u>

    <u>s/ James P. Peltier</u>
    James P. Peltier
    Courtroom Deputy Clerk
    U.S. District Court
    600 Church St.
    Flint, MI 48502
    810-341-7850
    pete_peliter@mied.uscourts.gov