THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RONALD WASHINGTON

            Plaintiff,                                  Case No. 06-12588

vs.

                                             HONORABLE PAUL D. BORMAN
                                             HONORABLE STEVEN D. PEPE

FREDA RANDALL-OWENS,  GERALD SOMERS,
ANDREW JACKSON, JEFFREY WHITE,
DARRELL STEWARD, CLARENCE POWELL,
ANN BAREWALDE,  RUTH INGRAM, MS. B ALLEN,
MS. D. LEWIS, MS. B. SMITH, MARY BERGHUIS,
ROBERT SIKKENGA,MICHAEL SINGLETON,
BONNIE LEWIS, BRIDGET WILLIS,  PAM CUMMINGS,
AND PATRICIA CARUSO

            Defendants.
_____/


## REPORT AND RECOMMENDATION

### I.    BACKGROUND FACTS

On June 12, 2006, Plaintiff filed a complaint that alleges violations of his civil rights pursuant to §§ 1983, 1985 and 1986, under the Eighth Amendment, claiming deliberate indifference to his medical problems and deliberate endangerment to his life, making claims concerning denial of access to his hearing aid, hearing aid batteries, hearing aid care kit, prescription medications, and asthmatic inhaler during an asthmatic attack.  On September 15, 2006, he filed a first amended complaint alleging harassment, retaliation, conspiracy, deliberate indifference, and due process violations.  On March 7, 2007, Defendants filed a motion for summary judgment on the merits on various grounds.

1

On March 19, 2007, Plaintiff filed a motion for a preliminary injunction or temporary restraining order against Defendants:

> because of the threat of Plaintiff's complaint being dismissed in its entirety, partial dismissal, or other irreparable injury, unless Defendants and others involved are restrained from the retaliation and conspiracy of denying Plaintiff photocopies of exhibits, items needed for legal research, and other documents necessary to defend his complaint in this action.

(Dkt. #70).

All pretrial matters were referred to the undersigned on July 11, 2006, pursuant to 28 U.S.C. § 636 (b)(1) (Dkt. #5).[1]  For the reasons indicated below, **IT IS RECOMMENDED** Plaintiff's motion for a preliminary injunction or temporary restraining order be **DENIED**.

## II.   ANALYSIS

Based on the limited assertions noted in full above, injunctive relief is not appropriate in this instance.

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P.  65.[2]

In order to determine whether to grant a preliminary injunction, a district court must

---

[1]  Pursuant to the referral in this matter and 28 U.S.C. §636(b)(1)(A), the undersigned may issue an order for all pretrial  matters except those pertaining to a request for injunctive relief.  Requests for injunctive relief require a report and recommendation. 28 U.S.C. §636(b)(1)(B).

[2] Plaintiff certifies he mailed copies of his pleadings to defense counsel.

consider: "(1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiff may suffer irreparable harm absent the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of an injunction upon the public interest." *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson County*, 274 F.3d 377, 400 (6th Cir.2001).

In his motion and supporting brief, Plaintiff seeks a temporary restraining order and/or preliminary injunction to protect him from retaliatory actions he claims he has suffered due to filing this litigation. He notes that he cannot get immediate copying service at the library and he is now required to leave papers to be copied at the Library to be picked up the next day. He states that if he is transferred to another facility, it will be without advance notice for security reasons, and he may not be able to pick up his materials left for copying and they may not be forwarded to him in sufficient time for his litigation needs. He also notes that Defendant Bonnie Lewis works in the immediate area where the copies are made and she may destroy his originals to obstruct this litigation. Finally, he asserts "non-defendants" might be able to read what he leaves for copying denying his asserted "First Amendment Constitutional right to confidential communications with this court."

Absent limited and exceptional circumstances Fed. R. Civ. P. 5(a) requires all papers filed with this Court "shall be served upon each of the parties." Plaintiff has not asserted any reasons for *ex parte* communications with this Court. He cites MDOC Policy Directive 05.03.115(GG) that notes that legal research materials shall be copied "as promptly as possible" and all "necessary legal material shall be provided within three business days after receipt of a properly completed legal photocopy disbursement authorization form by designated staff."

3

The Prison Litigation Reform Act precludes the Court from addressing concerns regarding prison conditions unless and until Plaintiff goes through the MDOC grievance system. 42 U.S.C. § 1997e(a). While *Jones v. Bock*, 127 S.Ct. 910 (2007) makes this an affirmative defense, it demonstrates Congress' concern that prisoners seek to remedy problems in the institution before taking up the time and attention of federal courts. When extraordinary preliminary relief is sought without the requisite showing of irreparable harm and without the showing that the Plaintiff has sought to exercise available administrative remedies, this adds to the reasons a court should withhold the requested relief. The filing of a lawsuit over past events does not provide the plaintiff a license to circumvent the grievance process for subsequent perceived wrongs and seek immediate federal court intervention.

Therefore, Plaintiff's motion should be **DENIED** for failure to show irreparable harm to Plaintiff and for failure to show that he does not have adequate administrative remedies regarding these complaints.

### III.   RECOMMENDATION

For the following reasons, **IT IS RECOMMENDED** that Plaintiff's motion for a preliminary injunction and/or temporary restraining order be **DENIED**. The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not

preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local*, 231, 829 F.2d 1370,1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Date: March 27, 2007                          s/Steven D. Pepe_____
Flint, MI                                     United States Magistrate Judge

### CERTIFICATE OF SERVICE

I hereby certify that on <u>March 27, 2007,</u> I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: <u>Christine M. Campbell, Esq.,</u> and I hereby certify that I have mailed United States Postal Service the paper to the <u>Ronald Washington #213524, West Shoreline Correctional Facility, 2500 S. Sheridan Rd., Muskegon Heights, MI 49444</u>

<u>s/ James P. Peltier</u>
James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church St.
Flint, MI 48502
810-341-7850
pete_peltier@mied.uscourts.gov