THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD WASHINGTON

    Plaintiff,

vs.

FREDA RANDALL-OWENS,  GERALD SOMERS,
ANDREW JACKSON, JEFFREY WHITE,
DARRELL STEWARD,CLARENCE POWELL,
ANN BAREWALDE,  RUTH INGRAM,
MS. B ALLEN, MS. D. LEWIS, MS. B. SMITH,
MARY BERGHUIS, ROBERT SIKKENGA,
MICHAEL SINGLETON, BONNIE LEWIS,
BRIDGET WILLIS,  PAM CUMMINGS,
AND PATRICIA CARUSO

    Defendants.
_____/

Case No. 06-12588

HONORABLE PAUL D. BORMAN
HONORABLE STEVEN D. PEPE

**ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY MICHIGAN DEPARTMENT OF ATTORNEY GENERAL (DKT. #56), GRANTING PLAINTIFF'S MOTION FOR AUTHORIZATION TO SUE DEFENDANTS IN THEIR OFFICIAL CAPACITY (DKT. #57), GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL ACCESS TO PLAINTIFF'S MEDICAL RECORDS (DKT. #63), DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGEMENT AS TO RUTH INGRAM (DKT. #72),
AND
ORDER REQUIRING A LIMITED STAY OF DISCOVERY**

  On June 12, 2006, Plaintiff filed a complaint that alleges violations of his civil rights pursuant to §§ 1983, 1985 and 1986, under the Eighth Amendment, claiming deliberate indifference to his medical problems and deliberate endangerment to his life, making claims concerning denial of access to his hearing aid, hearing aid batteries, hearing aid care kit, prescription medications, and asthmatic inhaler during an asthmatic attack.  On September 15,

1

2006, he filed a first amended complaint alleging harassment, retaliation, conspiracy, deliberate indifference, and due process violations. On March 7, 2007, Defendants filed a motion for summary judgment on the merits on various grounds.

On February 1, 2007, Plaintiff filed his motion to suspend the Attorney General's Office from appearing as counsel for Defendants on the basis of MDOC Policy 02.01.102, and his "Motion For Authorization Allowing This Action To Proceed In Defendant's Individual And Official Capacity" (Dkt. #56 & #57). On March 26, 2007, he also filed his motion for default judgement as to Ruth Ingram (Dkt. #72). Defendants filed a motion to compel access to Plaintiff's medical records on February 13, 2007 (Dkt. #63) to which Plaintiff responded on March 1, 2007 (Dkt. #64). All pretrial matters were referred to the undersigned on July 11, 2006, pursuant to 28 U.S.C. § 636 (b)(1) (Dkt. #5).

**I.**     ***Plaintiff's Motion to Suspend Representation by the Attorney General's Office***

Plaintiff alleges that Policy 01.04.110 requires that the Attorney General's office not be employed to represent any MDOC employees who have violated MDOC policies and/or prisoners' civil rights. Yet, a review of the current policy, effective February 12, 2001, indicates that the policy is permissive and specifically states that: "failure to follow policy *may* also result in an employee not being represented by the Department of Attorney General or not being indemnified by the Department if a monetary judgment is obtained against the employee as set forth in PD 02.01.102." MDOC Policy 01.04.110(B) (emphasis added).[1]

A review of Policy 02.01.102, effective June 6, 2005, also indicates that the policy is permissive and specifically states that the "Director or designee has the final authority as to

---

[1] http://www.michigan.gov/documents/corrections/01_04_110_181459_7.pdf.

whether a request for Department of Attorney General representation will be approved." MDOC Policy 02.01.102(G).[2] The policy does indicate that "[i]f it is subsequently determined that the employee or ex-employee was not acting in the course of employment or there was not a reasonable basis to believe the conduct was within the scope of his/her authority, the Director may request that representation be withdrawn." Yet, this is also permissive and the policy does not provide standing for an opposing party to challenge the assignment of the Attorney General's office. This Court has no basis under the above noted Policy nor any other legal basis to alter the representation of the Defendants.

Therefore, Plaintiff's motion is **DENIED.**

In this same motion, Plaintiff also requests a summary of each Defendants' job description and a copy of the civil service rules. Defendants argue that Plaintiff's request is a discovery request, which should be suspended pending the Court's decision regarding Defendants' dispositive motion (Dkt. #76). For the reasons discussed *supra*, Defendants' request for a stay of all discovery is **DENIED** and Defendants are required to comply with all discovery requests that might assist Plaintiff in defending against Defendants' Rule 56(b) motion for summary judgement.

Regardless, Plaintiff's current request is also **DENIED.** Local Rule 7.1 and 37.1 for motions to compel discovery require that the movant must ascertain whether his contemplated motion will be opposed and Local Rule 37.2 requires the movant to attach a copy of the interrogatory or request for production submitted under Fed. R. Civ. P. 33 or 34. Plaintiff has provided no evidence or documentation that he either sought concurrence in his motion from

---

[2] http://www.michigan.gov/documents/corrections/02_01_102_180532_7.pdf.

opposing counsel or requested by an interrogatory or request for production and was denied the information requested by any Defendant. Accordingly, Plaintiff's motion for ex parte discovery is **DENIED**. In the event Plaintiff is unable to receive a response to an interrogatory or request for production submitted under Fed. R. Civ. P. 33 or 34, he may file a motion to compel, which complies with the Local Rule 37.1 and 37.2 .

**II.** *Plaintiff's Motion to Proceed Against Defendants in their Official Capacity*

On February 1, 2007, Plaintiff filed his motion for "authorization" to proceed against Defendants in their official capacity (Dkt. #57). Defendants concede that Plaintiff is suing them in their individual capacities (*See*, Dkt. #66, p.1), but in their response to Plaintiff's motion they object to being sued in their official capacity (Dkt. #75). They state that Plaintiff already requested, and was granted permission, to amend his complaint to include additional defendants on September 15, 2006 (Dkt. #7). Moreover, Defendants argue that naming Defendants in their official capacities is a unique legal issue from those previously asserted because of its implication of the Eleventh Amendment and injunctive relief, and they already filed a motion for summary judgement on March 3, 2007.

In determining in what capacity a Defendant has been sued in a § 1983 action, the court considers such factors as the nature of plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to complaint, particularly claims of qualified immunity, to determine whether defendant had actual knowledge of the potential for individual liability; court may also consider whether subsequent pleadings put defendant on notice of the capacity in which he or she is sued. 42 U.S.C.A. § 1983. *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001).

In this case, Plaintiff is seeking injunctive and declaratory relief, as well as monetary damages against the Defendants. Specifically, Plaintiff requests: (A) replacement of his hearing aid care kit, TV, tape player, headphones, legal books and other legal property, two footlockers, two bottles of doc matrix ink, and (B) payment for other property and damages as the jury deem just; (C) a return to the Mound Correctional Facility; and (D) an injunction against any further shake downs and seizures without specific reasons and court approval; and (E) a court order that any further harassment, retaliation, conspiracy, deliberate indifference or endangerment of his life, or any violations of his First, Eighth or Fourteenth Amendment rights will be met with fines. (Dkt. #7, p. 6-7)

From a review of Plaintiff's Amended Complaint and his request for relief, it is apparent that Plaintiff sought to sue certain of Defendants in both their individual and official capacity. Yet, relief requested in (A)-(E) to the extent they involve monetary relief are futile in an official capacity suit absent the State of Michigan waiving its sovereign immunity. Yet, to the extent (A) involves physical return of legal books or property (although whether items taken in February and March of 2003 are still available is problematic), and (C) and (D) require injunctive and not monetary relief, these claims in an official capacity may be exempt from Eleventh Amendment immunity if such relief is ordered by a court as a remedy for a constitutional violation. Clearly, no Defendant acting solely in their individual capacity would have the power to grant Plaintiff's request to return him to Mound Correctional Facility. Yet it currently is not apparent which, if any, property related due process claims state legitimate constitutional claims under *Parrett v. Taylor,*. 451 U.S. 527 (1981). Nor is it apparent exactly which Defendants have the necessary official capacity to provide the relief Plaintiff requests. No defendant may be sued for monetary

5

damages in their official capacity. To the extent that any of the named Defendants have the official capacity to grant the relief the Plaintiff wants this Court to order by way of injunctive relief, they are put on notice that they are being sued in their individual and official capacities. It is also determined that they preserve any and all defenses to such official capacity claims as may be available against them until the Court rules on Defendants' pending dispositve motion. Thus, to this limited extent Plaintiff's motion to proceed against Defendants in their official capacity is **GRANTED.**

### III.   *Defendants' Motion to Compel Plaintiff's Medical Records*

On February 13, 2007, Defendants filed a motion to compel access to Plaintiff's medical records (Dkt. #63), in which they claim Defendants' counsel will be unable to fully defend this case without access to Plaintiff's medical records.[3] Plaintiff's response reasserts the facts stated in his Complaint and states: "Plaintiff object (sic) to Defendant's (sic) request to access his medical records for their alleged purpose of asserting a qualified immunity defense. . . Plaintiff is not mentally challenged or ordered by any court or doctor to undergo any medical treatment . . . ." (Dkt. #64).

In his Amended Complaint, Plaintiff alleges that on February 12, 2003, Defendant Corrections Officer Gerard Somers "took [his] hearing aids, hearing aid batteries, hearing aid care kit, tape player for the hearing impaired, asthmatic inhaler . . . , [and] other prescription

---

[3] Plaintiff's medical records are within the custody and control of the Michigan Department of Corrections Bureau of Health Care Survies, not Defendants and Defendants' counsel. Defendants sent a request for a signed medical release to Plaintiff on January 23, 2007, for medical records from February, 2003 through May, 2006 (Dkt. #63, Ex. A). Plaintiff responded on February 1, 2007, refusing to sign the waiver and threatening suit if the records were released (Dkt. #63, Ex. B).

medications. . ." (Dkt. #7, ¶ 1).  Plaintiff further alleges that he suffered an asthmatic attack during this time and was denied medical attention (Id).  Additionally, Plaintiff claims that between October 25, 2003, and July, 2004, Defendant Resident Unit Manager Freada Randall-Owens was deliberately indifferent to his need for a hearing aid, hearing aid care kit, and hearing aid batteries because she would not provide them to him (Id., ¶ 4).  Further, Plaintiff alleges that Defendant Health Unit Manager conspired with Defendant Randall-Owens to deprive him of his hearing aid batteries for the subsequent eight months (Id., ¶ 6).

The federal discovery rule provides for broad and liberal discovery.  Any relevant non-privileged material is freely discoverable. Fed. R. Civ. P. 26(b)(1) provides in pertinent part that:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

In addition, there is no federal privilege regarding medical records, and in federal question cases, the courts usually apply the federal privilege, or rather lack thereof, as explained by *Hancock v Dodson,* 958 F2d 1367, 1372-1373 (6th Cir., 1992) (emphasis added):

> In *Perrignon v. Bergen Brunswig Corp.*, 77 F.R.D. 455 (N.D. Cal. 1978) the court held that "in federal question cases where pendent state claims are raised the federal common law of privileges should govern all claims of privilege raised in the litigation." Id. at 459. This approach appeared to be most consistent with the congressional policy that "in nondiversity jurisdiction civil cases, federal privilege law will generally apply." Id. citing H.R.REP. NO. 1597, 93d Cong., 2d Sess. 7 (1974), reprinted in 1974 U.S.C.C.A.N. 7051, 7101. The court concluded that this policy should not be "cast aside simply because pendent state claims are raised in

what is primarily a federal question case." Id.; accord *Von Bulow v. Von Bulow*, 811 F.2d 136, 141 (2d Cir.1987); *William T. Thompson Co. v. General Nutrition Corp.*, 671 F.2d 100, 104 (3rd Cir. l982); *Memorial Hospital for McHenry County v. Shadur*, 664 F.2d 1058, 1061 n.3 (7th Cir. 1981); *Simians v. City of South Miami*, 86 F.R.D. 492,495 (S.D. Fla. 1980). **Since the instant case is a federal question case by virtue of the appellant's section 1983 claim, we hold that the existence of pendent state law claims does not relieve us of our obligation to apply the federal law of privilege**.

In *G.M.C. v. Director of the Nat'l Institute for Occupational Safety & Health*, 636 F.2d 163 (6th Cir. 1980), cert. denied, 454 U.S. 877, (1981) the Sixth Circuit held:

> [t]he common law did not recognize a physician-patient privilege at all. *Whalen v. Roe*, 429 U.S. 589, 602 n. 28 [97] S.Ct. 869, 877 n. 28, 51 L.Ed.2d 64] (1977). Neither has Congress codified the concept in a federal statute. A decision in this case based on considerations of the physician-patient relationship would, in effect, expand the scope of the "federal common law." This we decline to do. Id. at 165; *Fisher v. City of Cincinnati*, 753 F.Supp. 692, 694 (S.D. Ohio 1990); see, e.g., *In re Zuniga*, 714 F.2d 632(6th Cir.), cert. denied, 464 U.S. 983, 104 S.Ct. 426,78 L.Ed.2d 361 (1983). Because the federal courts do not recognize a federal physician-patient privilege, appellant's arguments regarding the scope of that privilege must be rejected, and the district court's decision affirmed.

Michigan law produces the same result, i.e., access to the medical records should be permitted. *Schuler v United States,* 113 FRD 518, 520 (WD Mich, 1986) explains how federal courts deal with Michigan-related privilege matters:

> The physician/patient privilege in Michigan is found by statute, at M.C.L.A. § 600.2157 and by court rule; at MCR 2.314(B)(1). . . . Applying Erie, federal procedure in this instance lacks any provisions with respect to privileges, therefore the Court is directed to apply the state law of privileges. Having already applied federal procedure, which dictates the application of state privilege law, the court need not distinguish state substantive law and procedure. The "state law" of privilege includes not only statutory provisions, but any procedures governing the waiver of the privilege as would be applied by state courts.

Michigan law provides specifically for the disclosure of medical records once a physical or mental condition has been introduced as part of the claim. MCR 2.314 requires the discovery

8

of medical records when the mental or physical condition of a party is in controversy in a case:

>   (A) Scope of Rule.
>
>   (1) When a mental or physical condition of a party is in controversy, medical information about the condition is subject to discovery under these rules to the extent that (a) the information is otherwise discoverable under MCR 2.302(B) and (b) the party does not assert that the information is subject to a valid privilege.
>
>   (2) Medical information subject to discovery includes, but is not limited to, medical records in the possession or control of a physician, hospital, or other custodian, and medical knowledge discoverable by deposition or interrogatories.
>
>   (3) For purposes of this rule, medical information about a mental or physical condition of a party is within the control of the party, even if the information is not in the party's immediate physical possession.

Therefore, it is clear that Plaintiff has no state or federal privilege in his medical records as related to the allegations in this case. Moreover, MDOC policy authorizes counsel to obtain Plaintiff's medical records for litigation. *See*, MDOC Policy 03.04.108 (Q)(12), "Prisoner Health Information."[4] Defendants counsel's request to Plaintiff to sign a release was thus a courtesy. Because Plaintiff's complaint makes Plaintiff's medical health records a legitimate source of inquiry and investigation into the factual basis of his claims, it is **ORDERED** that Defendants' motion to compel is **GRANTED** as it pertains to Plaintiff's medical records.

In the same motion, Defendants' argue the Court should limit discovery to Plaintiff's medical records until Defendants' Rule 56(b) motion for summary judgment is decided. Citing *Skousen v. Rambo*, 305 F.3d 520, 527 (6th Cir. 2002), Defendants argue that they assert the defense of qualified immunity in their dispositive motion (*See*, Dkt. #66), and that further

---

[4] http://www.michigan.gov/documents/corrections/03_04_108_180943_7.pdf

discovery should be suspended until the Court has an opportunity to decide Defendants' motion.[5]

Rule 56 requires that once a motion for summary judgment is made and is supported as required in Rule 56(c), as Defendants' motion was, the adverse party cannot rest solely on the allegations made in her pleadings. Rather, he must set forth by affidavits or otherwise specific facts showing that there is a genuine issue for trial. Fed. R.Civ. P. 56(e); *Arnett v. Myers*, 281 F.3d 552, 559 (6th Cir.2002). It would therefore be improper to prohibit Plaintiff access to any discovery that might allow him to set forth facts showing that there is a genuine issue for trial, especially where Defendants' have already been granted discovery. Plaintiff's response to Defendants' motion for summary judgement is due on or before April 16, 2007 (Dkt. #71).

Therefore, it is **ORDERED** that Defendants' motion is **GRANTED IN PART** and **DENIED IN PART**. Discovery is stayed in part pending the resolution of Defendants' dispositive motion. Plaintiff is not allowed to seek broad discovery, but is allowed to seek limited discovery as it relates to proving genuine issues of material fact contrary to the assertions made in Defendants' Rule 56(b) motion for summary judgment.

### IV.     *Plaintiff's Motion for Default Judgement as to Ruth Ingram*

On March 26, 2007, Plaintiff filed a motion for default judgement as to Ruth Ingram in which he indicates a default should be entered because Ms. Ingram has failed to plead or otherwise defend pursuant to Fed. R. Civ. P. 55(a) (Dkt. #72). Plaintiff previously filed two

---

[5] In *Skousen*, the Sixth Circuit held the district court should have turned to the question of whether any facts material to Skousen's claims were genuinely at issue, an inquiry that required the court to review the motion and its supporting documents as well as the plaintiff's opposition and its supporting documents. Only then, and only on a finding that material facts were in dispute, was the court at liberty to hold the motion in abeyance pending discovery.

requests for default (Dkt. #10 & #58), which the clerk's office denied on December 18, 2006, because no executed summons or waiver was filed with the Court (Dkt. #11) and on February 1, 2007, because a Waiver of Service of Summons was returned unexecuted because "that defendant is currently on leave from the facility and expected return date is unknown" (Dkt. #59). In response to Plaintiff's latest request for default, Defendants' attorney indicates that service of process as to Ruth Ingram still has not been made (Dkt. #74), and Plaintiff has failed to put forth any evidence to the contrary. Accordingly, Plaintiff's motion for a default is hereby **DENIED.**

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge. Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Date: April 18, 2007             s/Steven D. Pepe  
Flint, MI             United States Magistrate Judge

CERTIFICATE OF SERVICE

      I hereby certify that on <u>April 18, 2007</u>, I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: <u>Christine M. Campbell, Esq.</u>, and I hereby certify that I have mailed United States Postal Service the paper to the non-ECF participants:<u> Ronald Washington, #213524, West Shoreline Correctional Facility, 2500 S. Sheridan Dr., Muskegon Heights, MI 49444</u>

                                                 <u>s/ James P. Peltier</u>
                                                 James P. Peltier
                                                 Courtroom Deputy Clerk
                                                 U.S. District Court
                                                 600 Church St.
                                                 Flint, MI 48502
                                                 810-341-7850
                                                 pete_peliter@mied.uscourts.gov