THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD WASHINGTON

    Plaintiff,

vs.

FREDA RANDALL-OWENS, GERALD SOMERS,
ANDREW JACKSON, JEFFREY WHITE,
DARRELL STEWARD,CLARENCE POWELL,
ANN BAREWALDE, RUTH INGRAM,
MS. B ALLEN, MS. D. LEWIS, MS. B. SMITH,
MARY BERGHUIS, ROBERT SIKKENGA,
MICHAEL SINGLETON, BONNIE LEWIS,
BRIDGET WILLIS, PAM CUMMINGS,
AND PATRICIA CARUSO

    Defendants.
_____/

Case No. 06-12588

HONORABLE PAUL D. BORMAN
HONORABLE STEVEN D. PEPE

**ORDER DENYING PLAINTIFF'S MOTION FOR THE COURT
TO MODIFY ITS APRIL 18, 2007, ORDER (DKT. #85)**

On May 21, 2007, Plaintiff filed the present motion, which asks that this Court modify its April 18, 2007, Order to allow him 30 days after the completion of discovery to file his supporting documents and brief in opposition to Defendant's motion for summary judgment (Dkt. #85). Plaintiff's response to Defendants' March 7, 2007, motion for summary judgement was originally due on or before April 16, 2007 (Dkt. #71). On April 12, 2007, Plaintiff filed both his two page response requesting that the Court deny Defendant's motion (Dkt. #80) and his motion for an extension of time to file supporting documents and a brief in opposition (Dkt. #81). Plaintiff's motion for an extension of time to file supporting materials was granted, and he

1

was ordered to file his submissions on or before May 21, 2007 (Dkt. #83). Rather than submit his supporting documents, Plaintiff filed the present motion on May 21, 2007, asking the Court to modify its April 18, 2007, Order (Dkt. #85). All pretrial matters were referred on July 11, 2006, pursuant to 28 U.S.C. § 636 (b)(1) (Dkt. #5). For the reasons indicated below, it is **ORDERED** that Plaintiff's motion is **DENIED**.

The April 18, 2007, order held in pertinent part:

Discovery is stayed in part pending the resolution of Defendants' dispositive motion. Plaintiff is not allowed to seek broad discovery, but is allowed to seek limited discovery as it relates to proving genuine issues of material fact contrary to the assertions made in Defendants' Rule 56(b) motion for summary judgment.

As the Order more fully explained, because Defendants had filed a Rule 56(b) motion for summary judgment in which they asserted the defense of qualified immunity, it was proper to limit discovery pending the resolution of that dispositive motion. The philosophy behind the doctrine of qualified immunity "is a desire to avoid the substantial costs imposed on government, and society, by subjecting officials to the risks of trial." *Vaughn v. United States Small Bus. Admin.*, 65 F.3d 1322, 1326 (6th Cir.1995) (internal quotation marks omitted) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 816). Such burdens include "distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service." *Id.* Moreover, "[t]o avoid imposing needless discovery costs upon government officials, the determination of qualified immunity must be made at an early stage in the litigation." *Id.*

In *Mitchell v. Forsyth*, the Supreme Court found that "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511,

526 (1985). *See also, Turner v. Scott*, 119 F.3d 425, 428 (6th Cir.1997) ( "The question whether the uncontested facts demonstrated a constitutional violation is a pure question of law-and one from which an immediate appeal can be taken where qualified immunity has been denied."); *Sanderfer v. Nichols*, 62 F.3d 151, 153 n. 2 (6th Cir.1995) ("the plaintiff's version of events, regardless of the sufficiency of the supporting evidence, does not state a claim"). Finally, it is clear that before addressing the substance of a claim of qualified immunity, the court must first determine whether the plaintiff has stated a claim of a constitutional violation at all. *See Wilson v. Layne*, 526 U.S. 603, 609 (1999) (holding that the court evaluating a claim of qualified immunity must first determine whether the plaintiff states a claim of a constitutional violation at all, and then must determine whether the claimed right was clearly established, before proceeding to the qualified immunity question).

Yet, Rule 56 requires that once a motion for summary judgment is made and is supported as required in Rule 56(c), as Defendants' motion was, the adverse party cannot rest solely on the allegations made in his pleadings. Rather, he must set forth by affidavits or otherwise specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Arnett v. Myers*, 281 F.3d 552, 559 (6th Cir.2002). It would therefore be improper to prohibit Plaintiff access to any discovery that might allow him to set forth facts showing that there is a genuine issue for trial, especially where Defendants' have already been granted discovery by previous order of this Court (*See*, Dkt. #82). For those reasons, the Court's April 18, 2007, Order, granted Plaintiff limited discovery in order to respond to Defendants' motion.

That being stated, Local Rule 7.1 requires that a response to a dispositive motion be filed within 21 days after service of the motion absent an order of the Court. Plaintiff's response to

3

Defendants' March 7, 2007, motion for summary judgement was originally due on or before April 16, 2007 (Dkt. #71). Plaintiff sought an extension of time to file supporting materials, which was granted, and he was ordered to file his submissions on or before May 21, 2007 (Dkt. #83). Yet, Plaintiff has failed to provide supporting documents.

Therefore, it is **ORDERED** that Plaintiff's motion to modify the Court's April 18, 2007, Order is **DENIED**. Plaintiff must file his submissions in response to Defendants' motion for summary judgment on or before June 19, 2007. No further extension shall be granted absent sufficiently strong good cause. As stated in the Court's April 18, 2007, Order, Defendants are directed to answer Plaintiff's discovery requests as they relate to proving genuine issues of material fact contrary to the assertions made in their Rule 56(b) motion for summary judgment.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge. Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Date: May 30, 2007                           s/Steven D. Pepe
Flint, MI                                       United States Magistrate Judge

CERTIFICATE OF SERVICE

       I hereby certify that on May 30, 2007, I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: Christine M. Campbell, Esq., and I hereby certify that I have mailed United States Postal Service the paper to the non-ECF participants: Ronald Washington, #213524, West Shoreline Correctional Facility, 2500 S. Sheridan Dr., Muskegon Heights, MI 49444

                                                s/ James P. Peltier
                                                James P. Peltier
                                                Courtroom Deputy Clerk
                                                U.S. District Court
                                                600 Church St.
                                                Flint, MI 48502
                                                810-341-7850
                                                pete_peliter@mied.uscourts.gov